IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 5:12-cr-00232

RYAN D. MOORE,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

On November 2, 2014, the United States Sentencing Guidelines were amended to reduce the guidelines in Section 2D1.1 by two levels for most drug offenses. (U.S.S.G. Amendment 782, Appx. C). Section 1B1.10 gives retroactive effect to these reductions and sets an effective date of November 1, 2015, for retroactively reduced sentences. On September 14, 2015, the Defendant filed a *Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Guideline Amendment 782* (Document 77). On December 14, 2015, the Court entered an *Order* (Document 78) appointing the Federal Public Defender to represent the Defendant and directing the parties to respond with their positions respecting application of Amendment 782 to the Defendant's case.

The Court has received and considered the Defendant's motion, the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and the addendum to the PSR from the Probation Officer. In addition, the Court has reviewed the responses from the United States (Document 79) and the Defendant (Document

80), submitted pursuant to the Court's *Order* (Document 78).  The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

The Defendant pled guilty to conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846 (Count One) and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count Two) on May 30, 2013.  The PSR attributed approximately 582.35 grams of oxycodone to the Defendant, which converts to 3,901.75 kilograms of marijuana equivalency.  That corresponded to a base offense level of thirty-four (34) as to Count One.  He received a two-level "safety valve" reduction pursuant to Guidelines Section 2D1.1(b)(16), for an adjusted offense level of thirty-two (32).  Section 2S1.1, the Guidelines section applicable to Count Two, provides that the base offense level is the offense level for the underlying offense from which the laundered funds were derived.  Therefore, the offense level of thirty-two, calculated using the drug weight in Count One, became the base offense level for Count Two.  The Defendant received a two-level increase based on the statute of conviction and a two-level managerial role increase, for an adjusted offense level of thirty-six (36) as to Count Two.  The combined adjusted offense level was therefore thirty-six (36).  He received a three-level reduction for acceptance of responsibility, resulting in a total offense level of thirty-three (33).  The Defendant has one criminal history point at the time of his conviction, resulting in a criminal history category of I.  His original guideline range was 135–168 months.  On October 17, 2013, the Court imposed a sentence of 168 months of imprisonment.

Under the amended United States Sentencing Guidelines, the Defendant's total offense level is thirty-one (31).  The revised guideline imprisonment range is 108 to 135 months.  He is, therefore, eligible for a sentencing reduction.

During his term of incarceration, the Defendant has paid his special assessment in full through his participation in the inmate financial responsibility program.  He completed the 40-hour drug education program in September 2014.  He has received no disciplinary action or sanctions.

The United States does not object to a sentencing reduction for the Defendant.  The Defendant argues that he should receive a sentence reduction to 108 months, the bottom of his amended guideline range.  He points out that his original sentence, at the top of the guideline range, was not the product of a variance or departure that would indicate that his case was "outside the 'heartland' of cases taken into account by the Guidelines."   (Def.'s Resp. at 2.)

Having considered the Defendant's original and amended guideline ranges, the original sentencing materials, the addendum to the PSR, the Defendant's *Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Guideline Amendment 782* (Document 77), and the parties' responses, the Court **ORDERS** that the Defendant's *Motion* be **GRANTED** and that his base offense level as to Count One be reduced by two levels, to thirty-two (32).   After consideration of the two-level safety-valve reduction, his Count One adjusted offense level is thirty (30).   That adjusted offense level becomes the Count Two base offense level.   Following application of the two-level enhancement for being convicted under 18 U.S.C. § 1956, the two-level managerial role enhancement, and the three-level decrease for acceptance of responsibility, the total offense level applicable to both Count Two and the grouped offenses, is **thirty-one (31).** Given the Defendant's criminal history category of **I**, a revised guideline imprisonment range of **108 to 135 months** is established.    Given the severity of the Defendant's conduct, the Court finds that a sentence at the top of the Guideline range remains appropriate.   The Court, therefore,

3

**ORDERS** that the Defendant's sentence be **REDUCED** to **one hundred thirty five** (**135**) **months**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: May 6, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA